IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO: 3:05CV295

| | |
|---|---|
| LUMIE SOUCEK, )<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>C. WAYNE HEASLEY, )<br>    Defendant. )<br>) | <u>ORDER</u> |

**THIS MATTER IS BEFORE THE COURT** *sua sponte* with respect to the above-captioned action. On June 22, 2005, Lumie Soucek, who is *pro se*, filed a Complaint (Document No. 1) against C. Wayne Heasley. In the Complaint, Ms. Soucek alleges that she retained Mr. Heasley as her attorney to represent her in a state court case involving child custody, alimony and equitable distribution of assets and that Mr. Heasley failed to represent her interests. In short, Ms. Soucek complains that Mr. Heasley committed malpractice. Ms. Soucek seeks ten million dollars as compensation for her pain and suffering.

On the Civil Cover Sheet filed with the Court, Ms. Soucek cites diversity as the basis of federal subject matter jurisdiction. She lists her address as being in Charlotte, North Carolina and describes herself as a citizen of North Carolina. Ms. Soucek further lists Mr. Heasley's address as being in Charlotte, North Carolina and describes him as being "incorporated *or* [having a] principal place of business in this state."[1] In the Answer (Document No. 3), Mr. Heasley represents that he is a resident of North Carolina. It is apparent to the Court that the federal courts do not have subject matter jurisdiction over the dispute between Ms. Soucek and Mr. Heasley, and the case must be

---

[1] Capitalization has been changed.

1

dismissed.

## **LEGAL ANALYSIS**

The existence of federal subject matter jurisdiction is a threshold issue, and any case lacking a proper basis for subject matter jurisdiction must be dismissed. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 96 (1998); accord Jones v. American Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999); Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). It is well established that "[t]he subject matter jurisdiction of federal courts is limited and the federal courts may exercise only that jurisdiction which Congress has prescribed." Chris v. Tenet, 221 F.3d 648, 655 (4th Cir. 2000) (citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)); accord Darcangelo v. Verizon Communications, Inc., 292 F.3d 181, 186 (4th Cir. 2002) ("In general, an action filed in state court may be removed to federal court only if it might have been brought in federal court originally"). The requirements are so absolute that "[n]o party need assert [a lack of subject matter jurisdiction]. No party can waive the defect, or consent to jurisdiction. No court can ignore the defect; rather a court, noticing the defect, must raise the matter on its own." Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 389 (1998) (internal citations omitted); accord Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982).

Here, both Ms. Soucek and Mr. Heasley are residents of North Carolina. Accordingly, there is no basis for exercising federal diversity jurisdiction. See 28 U.S.C. § 1332 (2004); Schacht, 524 U.S. at 388 (case falls within federal court's diversity jurisdiction only if diversity of citizenship among the parties is complete and amount in controversy exceeds $75,000); Carden v. Arkoma Associates, 494 U.S. 185, 187 (1990) (same). Accordingly, the basis for federal subject matter jurisdiction, if any, must arise under what is commonly called "federal question" jurisdiction.

2

As the Fourth Circuit has stated:

Title 28 U.S.C. § 1331 provides that district courts have subject matter jurisdiction of every civil action that "arises under the Constitution, laws, or treaties of the United States." This means that Congress has given the lower federal courts jurisdiction to hear only those cases in which a well-pleaded complaint establishes <u>either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law</u>.

Battle v. Seibels Bruce Ins. Co., 288 F.3d 596, 606-07 (4th Cir. 2002) (emphasis added). Ms. Soucek has not alleged, and the record does not reflect, any basis for exercising federal question jurisdiction. Indeed, this appears to be a fairly straightforward legal malpractice action that involves no federal issues.

Because there is no basis for federal subject matter jurisdiction, the undersigned must dismiss the case. The Court, of course, makes no comment on the merits of the case.

**IT IS, THEREFORE, ORDERED** that the above-captioned action is **DISMISSED** for lack of federal subject matter jurisdiction.

**IT IS FURTHER ORDERED** that the pending "Motion for a Pretrial [Hearing]" (Document No. 5), filed October 13, 2005 by Ms. Soucek, is **DENIED AS MOOT**.

**Signed: November 30, 2005**

*[signature]*

David C. Keesler
United States Magistrate Judge